# EXHIBIT A

FILED
09-29-2020
Clerk of Circuit Court
Sawyer County, WI
2020CV000122

| STATE OF WISCONSIN | CIRCUIT COURT | SAWYER COUNTY |

**AMANDA WHEELER**
10604 California Avenue
Hayward, WI 54843

Individually and on behalf of a class of others similarly situated,

    Plaintiff,

v.

Case No.:
Case Code: 30301

**CAVALRY SPV I, LLC.**
c/o Corporation Service Company - Registered Agent
301 South Bedford Street
Suite 1
Madison, WI 53703

    Defendant.

## CLASS ACTION COMPLAINT
## &
## REQUEST FOR JURY TRIAL

    The Defendant is a debt buyer who is allegedly purchasing defaulted consumer debt and then filing lawsuits against Wisconsin residents without first complying with Wisconsin law and making written misrepresentations that it has complied with Wisconsin law. Plaintiff Wheeler Amanda Wheeler ("Wheeler" or "Plaintiff"), through her undersigned counsel files this Class Action Complaint and Request for Jury Demand on her individual behalf and on behalf a class of all similarly situated persons against Defendant and says in support:

## I. PARTIES

1. Plaintiff, Wheeler Amanda Wheeler, is an adult who resides at the address captioned above.

2. Cavalry SPV I, LLC. ("Cavalry" or "Defendant") is a foreign limited liability company whose registered agent is captioned above.

3. The Defendant does substantial business in Sawyer County. Defendant filed an action against Plaintiff in Sawyer County and the violations of Wisconsin law occurred in Sawyer County and Sawyer County is the proper venue.

## II. BACKGROUND

4. The Wisconsin legislature has enacted laws to provide protections to Citizens of Wisconsin who enter into consumer credit transactions. Among the protections enacted, Wis. Stat. §§ 425.104-425.105 require that in order to accelerate the maturity of a consumer credit transaction or to commence an action against a consumer, a merchant must give notice to the customer of the customer's right to cure default.

5. The above statutes also set forth the specific information that must be included in the notice of the right to cure. The information required by the law includes an itemization of the delinquency charges.

6. The Defendant is a debt buyer. As a debt buyer, it allegedly acquires accounts that are in default and then proceeds to collect on those accounts.

7. However, upon information and belief, Defendant failed to send a legally sufficient notice of right to cure.

4

8. After failing to provide the right to cure, the Defendant published papers that asserted a present right to collect money from the Plaintiff when it lacked the right to do so.

9. As a result of the procedures and format by which Defendant allegedly acquires debts, Defendant does not have the information necessary to provide the information required by Wisconsin law.

10. Defendant's business model that fails to put in a position to comply with Wisconsin law, does not excuse the Defendant from complying with Wisconsin law.

11. The Plaintiff seeks to represent herself and the other persons who are similarly situated to her in a class to be certified under Wis. Stat.§803.08.

12. Whether or not the Defendants have violated any of the above provisions of Wisconsin law present common issues for the Plaintiff and the putative class described below.

13. Plaintiff's claims are typical because she did not receive a letter that claims to be a notice of right to cure.

14. Upon information and belief, the number of persons who have been sent these letters and sued by the Defendant is so numerous that joinder of all in a single action is impractical.

15. The Plaintiff is an adequate representative of the proposed class below.

16. Plaintiff's counsel is adequate and best suited to represent Plaintiff and the class in this matter requested based on their knowledge of the legal issues involved and their experience in representing classes before both state and federal courts.

17. The members of the class are easily ascertained from the Defendant's own records. The Defendant issues letters which provide the name of the class members These records are admissible in any proceeding as they are statements made by the Defendant.

5

18. The common issues identified for the Plaintiff and the class are also the predominant issues.

19. A class action is superior to requiring many repetitive individual actions that will raise the same issue and ask for the same relief against the Defendant. In the absence of a class, Defendant will continue to engage in unlawful conduct and benefit from the unlawful conduct.

20. The Plaintiff should be permitted to proceed to sue for the benefit of the following class:

**Class:**

All persons in Wisconsin:

(i) who had a consumer debt that was acquired or alleged to be acquired by the Defendant;

(ii) Defendant failed to provide a notice of right to cure or any letter sent failed to comply with the requirements of Wisconsin law;

(iii) The Defendant sued the person; and

(iv) during the 3 year period preceding the commencement of this action.

The Class specifically excludes the following persons or entities: (i) Defendant, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendant; (ii) any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) any

currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice (iv) anyone person who would otherwise belong to the class but who Defendant can identify as having provided the Defendant a release of claims covering the claims asserted herein.

21. The Plaintiff should also be permitted to proceed to sue for the benefit of the following FDCPA subclass:

All members of the class who were sent a letter and sued within the one year period preceding the filing of this action.

## IV. FACTS

22. Plaintiff was not sent a legally sufficient notice of right to cure letter by the Defendant.

23. Plaintiff was then sued by the Defendant claiming that she presently owed amounts to Defendant.

## V. VIOLATION OF WIS. STAT. §100.18

24. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

25. Defendant made, published, or placed before one or more members of the public a lawsuit that claimed the right to pursue a claim against Plaintiff and the class members.

26. Defendant's representation in the lawsuit papers that it had the right to collect a debt from Plaintiff or the class members was untrue, deceptive, or misleading.

27. Defendant made the representations with the intent that they be relied on persons like the

7

Plaintiff and the Class Members.

28. Plaintiff and the Class sustained damages based upon Defendant's violation of Wis. Stat. §100.18.

29. Plaintiff and the class are entitled to double damages, costs and reasonable attorney fees for the violation pursuant to Wis. Stat. §100.18 and 100.20(5).

### VI. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT ON BEHALF OF PLAINTIFF AND THE FDCPA SUBCLASS

30. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

31. The debts that Defendant sought to collect from the Plaintiff and the class were obligations or alleged obligations of Plaintiff and the class to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32. The debts are a "debt" as defined by the FDCPA, 15 U.S.C.A. §1692(5).

33. The Defendant uses instrumentalities of interstate commerce or the mails in its business.

34. The principal purpose of Defendant's business is the collection of any debts.

35. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C.A. §1692(6).

36. 15 U.S.C.A. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation in connection with the collection of a debt.

37. That Plaintiff and the other class members were not sent a legally sufficient letter by the Defendant.

38. The Defendant sued the Plaintiff.

39. The Defendant filed suit when it had no legal right to do so.

40. The Defendant violated the provisions of Wis. Stat. §§425.104-425.105.

41. The Defendant's actions violate the prohibitions under 15 U.S.C.A. §1692e.

42. 15 U.S.C.A. §1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

43. The Defendant's actions violate the prohibitions under 15 U.S.C.A. §1692f.

44. The FDCPA provides for an award of statutory and actual damages.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and the Class Members and against the Defendants as follows|:

1) Certify the Proposed Class, appoint the Plaintiff as Class Representative and appoint his counsel as Class Counsel;

2) Certify the Proposed Subclass, appoint the Plaintiff as Class Representative and appoint his counsel as Class Counsel;

3) For actual and statutory damages in an amount to be determined at trial by a jury for the Plaintiff and the Class under Wisconsin law;

4) For the return of all monies, profit, interest and pre-judgment interest on all sums illegally collected;

5) For actual and statutory damages in an amount to be determined at trial by a jury for the Plaintiff and the Subclass under the FDCPA;

6) For double damages, costs and reasonable attorney fees for the violation pursuant to Wis. Stat. §100.18 and 100.20(5).

7) For an award of costs, including attorney fees as allowed by law;

8) For such other and further relief as this court finds necessary and proper.

---

## PLAINTIFF REQUESTS A TRIAL BY JURY

---

Dated: September 29, 2020.

        LEIN LAW OFFICES, LLP
        Attorneys for Plaintiff

        <u>Electronically signed by Matthew C. Lein</u>
        Matthew C. Lein, 1084028

        Lein Law Offices, LLP
        15692 Hwy 63 North
        PO Box 761
        Hayward, Wisconsin 54843
        Telephone: (715) 634-4273
        Fax: (715) 634-5051
        Email: mlein@leinlawoffices.com

        WELCENBACH LAW OFFICES, S.C.
        Attorneys for Plaintiff

        <u>By: /s/; Electronically signed by Robert J. Welcenbach</u>
        Robert J. Welcenbach – SBN: 1033091

        Welcenbach Law Offices, S.C.
        933 N. Mayfair Rd., Ste. 311
        Milwaukee, WI 53226
        T: (414)774-7330 / F: (414) 774-7670